THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES T. MCGAHAN, Appellant.

County Court, Rensselaer County, May 21, 1935.

*Eugene V. Coffey*, for the appellant.

*Charles J. Ranney, District Attorney*, for the respondent.

BREARTON, J. This is a motion to dismiss an indictment found by a grand jury of Rensselaer county against the defendant charging him with keeping a slot machine in violation of section 982 of the Penal Law on the grounds that the evidence before the grand jury is insufficient and illegal.

The minutes of the grand jury are now before the court, the defendant having previously moved for an inspection, and the district attorney consenting thereto.

It will be borne in mind that this is not a question of the guilt or innocence of the defendant. It is purely and simply one of law — was there sufficient evidence presented before the grand jury to warrant the finding of the indictment. The test is, under section 258 of the Code of Criminal Procedure, whether all the evidence taken together is such as in their judgment would, unexplained or uncontradicted, warrant a conviction by a trial jury.

It appears from the minutes that four " penny machines," as they were called by the defendant at the time of his arrest, were in his store on the date mentioned in the indictment. There were four " card machines " standing against the wall ready for any one to play them. The machines were present before the grand jury.

A witness explained the operation by testifying: " You put in a coin and press down the lever and the reels turned round. The money or merchandise given depend upon the rotation of the reels as to whether you get a ' straight ' or ' flush,' " evidently referring to familiar terms used in playing cards.

It will be noted that the indictment does not charge the actual operation of the machines, as mere possession is prohibited by the statute.

Counsel for defendant contends that the whole point of his argument is that the machines themselves and wholly apart from anything else are not slot machines. He claims they are not such because they themselves neither pay nor can be made to pay anything whatsoever; and an inspection of them, he further contends, would prove this to the grand jury and presumably the grand jury inspected them. He cites several cases which would sustain the argument, if the indictment were based upon the statute as it read before the amendment of last year.

But it is no longer necessary to show that the machines pay by means of coins, tokens, slips or anything else.

Chapter 317 of the Laws of 1934 broadens the section materially and prohibits the keeping of slot machines, which are defined (leaving out unnecessary verbiage) as " any machine  *  *  * that is adapted  *  *  *  for use in such a way that, as a result of the insertion of any piece of money  *  *  *  such machine *  *  *  may be operated, and by reason of any element of chance  *  *  *  the user may receive or become entitled to receive any  *  *  *  thing of value."

The law just quoted took effect May 7, 1934. The indictment charges a violation on November 26, 1934. It will thus be seen that the statute as amended now prohibits the mere possession of slot machines not previously banned. It may be that the statute now prohibits the mere possession of machines that were previously considered " harmless " or " innocent," but if the statute is too broad, that is a matter for the Legislature to consider and not for the courts. The grand jury was warranted on the evidence presented in finding the indictment.

Motion to dismiss the indictment is denied.